1   D. Kemple (State Bar No. 145219)
    mkemple@jonesday.com
2   JONES DAY
    555 South Flower Street
3   Fiftieth Floor
    Los Angeles, CA  90071-2300
4   Telephone:   (213) 489-3939
    Facsimile:    (213) 243-2539
5
    Brian L. Johnson (State Bar No. 216604)
6   bjohnson@jonesday.com
    JONES DAY
7   12265 El Camino Real
    Suite 200
8   San Diego, CA  92130
    Telephone:   (858) 314-1200
9   Facsimile:    (858) 314-1150

10
    Attorneys for Defendant VERIZON
11  BUSINESS NETWORK SERVICES INC.

12                    UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15

16  PATRICK A. COPELAND,                 Case No. CV 07 4565DDP (CWX)

17              Plaintiffs,              Assigned for all purposes to
                                         Hon. George P. Schiavelli
18        v.                             Courtroom No. 7

19  MCI COMMUNICATIONS                   **STIPULATION AND
    SERVICES INC., and VERIZON           PROTECTIVE ORDER**
20  BUSINESS NETWORK SYSTEMS
    INC.                                 NOTE CHANGE MADE BY
21              Defendants.              COURT

22

23

24

25

26

27

28

1    Plaintiff Patrick A. Copeland and Defendant Verizon Business Network

2 Services Inc. (the "Parties") hereby stipulate to the entry of an agreed protective

3 order (the "Protective Order"), for the reasons set forth below.

4    1.    The Parties represent that certain discovery materials to be exchanged

5 in this case, including documents, interrogatory answers, deposition testimony and

6 other discovery, will contain confidential non-public information of a personal,

7 financial, and/or commercial nature which may constitute a trade secret or

8 proprietary information.  The Parties do not wish unreasonably to impede or burden

9 the discovery process but, at the same time, recognize an obligation to take

10 reasonable steps to safeguard legitimate privacy concerns.  The Parties intend this

11 Stipulation and Order to address these concerns.

12    2.    The Parties understand that, pursuant to California law, third parties

13 may have a privacy interest in certain personal information and that such

14 information relating to current and former employees of Defendants has been

15 requested in discovery by Plaintiffs.  The Parties enter into this Protective Order

16 mandating that if any private information, including contact information, of current

17 and former employees of Defendants is produced, it shall be produced under this

18 Protective Order.  These steps are taken to protect privacy interests from serious

19 invasion in nature, scope or impact.

20    3.    Upon entry of an Order by this Court, this Protective Order that shall

21 govern the production and disclosure of all information designated as

22 "CONFIDENTIAL" pursuant to paragraph 7 for discovery and all discovery related

23 pre-trial proceedings.  This Protective Order is not intended to govern non-

24 discovery related pre-trial proceedings, trial or any appeal of this case.  The Parties

25 will cooperate in establishing procedures acceptable to the Court with respect to the

26 protection of information designated as "CONFIDENTIAL" pursuant to this

27 Protective Order for all non-discovery related pre-trial proceedings, at trial and

28 upon any appeal of this case.

4.     For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6.     The Parties agree to keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 8, 11 and 13 below.

7.     Any party may designate any Discovery Materials it deems to be confidential (the "Designating Party"), including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL."

8.     Except as provided in paragraphs 11 and 13, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a)     Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b)     "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private

1  data entry, document management and photocopying services; (2) named individual

2  parties, which includes employees of any company, assisting in the defense of the

3  action; (3) consultants, in accordance with the terms specified below in paragraph

4  number 8(e); and (4) the Court and those individuals employed by the Court.  There

5  shall be no other permissible dissemination of CONFIDENTIAL Discovery

6  Materials.

7          (c)     No copies, extracts or summaries of any document designated

8  "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record;

9  and such copies, extracts or summaries shall also be designated and treated as

10 "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to

11 any persons except as provided in this Protective Order.

12         (d)     Counsel of Record may allow access to Discovery Material

13 designated "CONFIDENTIAL" to their retained consultants, provided that any such

14 consultant who is to receive such material shall be provided with a copy of this

15 Protective Order and shall execute an undertaking in the form annexed hereto as

16 Exhibit A.  Consultants shall be specifically advised that the portion of their written

17 work product, which contains or discloses the substance of Discovery Material

18 designated as "CONFIDENTIAL" is subject to all the provisions of this Protective

19 Order.  Counsel of Record disclosing such material to consultants shall be

20 responsible for obtaining the executed undertakings in advance of such disclosure

21 and also shall retain the original executed copy of said undertakings.  No

22 "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to

23 execution of the form attached as Exhibit A.

24         (e)     During depositions, Counsel of Record may question any

25 witness about any Discovery Material designated "CONFIDENTIAL."  However,

26 where the witness or deponent testifies about such designated Discovery Material,

27 the party who marked the material "CONFIDENTIAL" may instruct the Court

28 Reporter to mark and seal such testimony as separate from the public record.  Any

"CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the Parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f)     Any party intending to attach, quote, summarize, or otherwise utilize "CONFIDENTIAL" Discovery Materials" in any pleadings, motion papers or other papers filed with this Court or any other court, shall provide the Designating Party with 7 court days advance written notice of such intent as well as a written description of the "CONFIDENTIAL" Discovery Materials the party intends to attach, quote, summarize or otherwise utilize sufficient for the Designating Party to identify such "CONFIDENTIAL" Discovery Materials. Thereafter, the Designating Party shall request the Court file such Discovery Materials under seal in accordance with this Court's Civil Local Rule 79-5. The parties shall not oppose any application, ex-parte or otherwise, filed in this regard.

9.     In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph seven, above.

10.     At the request of any designating party, made in writing or on the

record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" Information subject to the Protective Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter.  Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other party and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information.  If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other party and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information.  If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived.  Each party and the Court Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with the Protective Order.

    11.  Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide Counsel of Record for the producing party with a clear, complete and concise statement of the reason for the proposed

1   disclosure by written notice at least ten (10) business days prior to the proposed

2   disclosure.  The requesting Counsel of Record may include the name, address and

3   business or professional affiliation and title (e.g., officer, director, etc.) of such

4   person in the written notice.  If Counsel of Record for the producing party objects

5   in writing to the disclosure within said ten (10) business day period, then the party

6   requesting consent shall not proceed with the proposed disclosure, the Parties shall

7   engage in good faith efforts to resolve the matter informally and, if those efforts

8   should fail, the party designating the material as "CONFIDENTIAL" may seek

9   relief from the Court as provided in paragraph 13 below.

10           12.    The disclosure of any Discovery Materials pursuant to the terms of this

11  Protective Order is not intended to be and shall not be construed as a waiver of any

12  right or a relinquishment of any confidentiality claim as to said Discovery Materials

13  or as a waiver of any claim that the information disclosed is a trade secret or is

14  proprietary.

15           13.    Any disputes arising under this Protective Order, including any

16  disputes regarding whether information designated as "CONFIDENTIAL" should

17  in fact be considered as "CONFIDENTIAL", to the extent that the Parties do not

18  resolve such disputes informally or pursuant to the procedures set forth in

19  paragraph 11, shall be brought before the Court pursuant to the procedures

20  delineated in Local Rule 37.  The party asserting confidentiality shall have the

21  burden of proving that the "CONFIDENTIAL" information is protected by (a) a

22  right to privacy or (b) trade secret or other confidential research, development, or

23  commercial information within the meaning of Rule 26(c)(7) of the Federal Rules

24  of Civil Procedure.  Prior to the determination of any such motion, the disputed

25  information shall be treated by the Parties as "CONFIDENTIAL."  If such motion

26  is granted in favor of the objecting party and five days have passed after entry of an

27  order granting the motion, then the prevailing party may disclose the information.

28           14.    Upon final resolution of this litigation, including any appellate

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

proceedings or expiration of the time allowed therefore, and within 60 days thereof:

(a)     Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

(b)     ~~Unless otherwise agreed, Counsel for the party that filed any "CONFIDENTIAL" Discovery Materials under seal with the Court, shall request the Clerk of the Court to return such documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order.~~

15.     Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure.  Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

16.     Pursuant to Fed. R. Civ. Proc. Rule 26, the Parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action.  The Parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the

7

privilege as to any other document or communication allegedly so protected, even involving the same subject matter.  The Parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind.  If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine.  The Parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

17. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the Parties.

18. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

19. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order.  Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1    Dated:  August 13, 2008              JONES DAY

2

3                                         By:___/s/_____
                                             Brian L. Johnson
4
                                          Attorneys for Defendant
5                                         VERIZON BUSINESS NETWORK
                                          SERVICES, INC.
6

7

8    Dated:  August 12, 2008              VAN VLECK, TURNER & ZALLER,
                                          INC.
9

10

11                                        By:___/s/_____
                                             Daniel J. Turner
12
                                          Attorneys for Plaintiff Patrick A.
13                                        Copeland

14                          <u>**ORDER**</u>

15        The Parties having stipulated to the foregoing and good cause appearing, IT

16   IS SO ORDERED.

17   Dated:  __August 27, 2008            _____/S/_____
                                             Hon. Carla Woehrle
18                                           United States District Court
                                             Magistrate Judge
19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE
ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION

The undersigned hereby acknowledges that he or she has read the

Confidentiality Stipulation and Protective Order entered into on behalf of the

Parties to *Patrick A. Copeland v. Verizon Business Network Services Inc.*, Case No.

CV 07 4565DDP (CWx), pending in the United States District Court, Central

District of California; that he or she understands the provisions prohibiting the

disclosure of confidential information for any purpose or in any manner not

connected with the prosecution or defense of this action; and that he or she agrees

to be bound by all provisions of that order.


Dated: _____

                                        _____
                                        Name

                                        _____
                                        Address

                                        _____

                                        _____